IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MALCOLM GANTZ,               )
            Plaintiff,    )
                     )
     vs.                )    Civil Action No. 14-218J
                     )    Judge Kim R. Gibson/
I. UNCLES; D. PRICE; STEVEN R.    )    Chief Magistrate Judge Maureen P. Kelly
GLUNT; DEBRA YOUNKIN; J.    )
PEARSON; AUGRA; DIRECTOR OF    )
BUREAU OF HEALTH CARE    )
SERVICES; DORINA VARNER; C.    )    Re: ECF No. 32
OPPMAN,                )
          Defendants.    )


## REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

Plaintiff Malcolm Gantz ("Plaintiff"), a Pennsylvania state prisoner proceeding *pro se*,

has filed a civil rights action pursuant to 42 U.S.C. § 1983 against various employees of the State

Correctional Institution at Houtzdale, alleging violations of his rights under the Eighth

Amendment to the United States Constitution.  Presently before the Court is a Motion for

Judgment on the Pleadings filed by Defendants I. Uncles, D. Price, Steven R. Glunt, Debra

Younkin, J. Pearson, Director of Bureau of Health Care Services, Dorina Varner and C.

Oppman[1] ("the Corrections Defendants").  ECF No. 32.  For the following reasons, it is

respectfully recommended that the Motion for Judgment on the Pleadings be granted.

---

[1] Christopher Oppman is the Director of the Bureau of Health Care Services.  ECF No. 31, ¶ 9.

## II.    REPORT

### A.    FACTUAL AND PROCEDURAL BACKGROUND

Proceeding *pro se*, Plaintiff filed a Complaint in this action on August 28, 2014.  ECF No. 1.  In his Complaint, he makes the following allegations.  On August 26, 2012, while traveling on a walkway at SCI-Houtzdale, other inmates began fighting immediately in front of Plaintiff, preventing him from moving forward. Id. at ¶ 13. As Plaintiff attempted to avoid the skirmish, he was thrown to the ground by Defendant Uncles, a corrections officer.  Id. at ¶ 16. Plaintiff's right hand, right arm and head hit the ground.  Id.  Plaintiff was subsequently handcuffed behind his back, pulled to his feet and escorted to the Restricted Housing Unit ("the RHU").  Id. at ¶ 17.  Due to injuries sustained as a result of being thrown to the ground, Plaintiff advised Defendant Uncles that he needed medical attention but Uncles told Plaintiff that Defendant Price, the shift commander, did not authorize a hospital visit.  Id. at ¶¶ 18-19. Plaintiff was taken to the RHU and served with a misconduct report (written by Defendant Uncles; signed by Defendant Price) charging him with fighting and refusing to obey orders. Id. at ¶ 20.  A nurse photographed Plaintiff's hand, but he did not receive medical attention until August 28, 2012, when x-rays were taken which revealed that his hand was broken and that he required surgery.  Id. at ¶¶ 21, 23-24.

On August 30, 2012, Plaintiff requested to be taken to the hospital, due to the pain and swelling in his hand.  Id. at ¶ 25.  Plaintiff was prohibited from receiving ice.  Id.  On August 31, 2012, Defendant Pearson, a nurse supervisor, responded to Plaintiff, advising him to sign up for sick call, to use a splint and to keep his hand elevated.  Id. at ¶ 26.  Defendant Pearson also advised Plaintiff that he should take ordered ibuprofen for pain.  Id.

On September 7, 2012, having not seen a specialist or a surgeon, Plaintiff filed a grievance complaining that he was suffering significant hardship due to his hand injuries and requesting damages. Id. at ¶¶ 27-28. Defendant Younkin denied Plaintiff's grievance and damage request. Id. at ¶ 29.

On September 16, 2012, Plaintiff wrote a request to the medical supervisor asking about the status of his surgery and requesting adjustment of his splint which was affected by the repeated handcuffing of Plaintiff. Id. at ¶ 30. The next day, Defendant Pearson responded, informing Plaintiff that he was scheduled to be seen by a specialist and advising him that a physician's assistant would check his splint. Id. at ¶ 31.

On September 26, 2012, Plaintiff appealed Defendant Younkin's response to Defendant Glunt, advising Defendant Glunt that surgery was being arbitrarily delayed and that this delay was causing Plaintiff pain. Id. at ¶ 32. On October 12, 2012, Defendant Glunt denied Plaintiff's appeal, stating that Plaintiff had received adequate medical treatment. Id. at ¶ 33.

On October 21, 2012, Plaintiff filed an appeal to Defendant Varner, the Chief Grievance Coordinator. Id. at ¶ 34. Defendant Varner referred that appeal to the Bureau of Health Care Services on November 27, 2012. Id. at ¶ 35. Defendant Varner denied that appeal on January 16, 2013. Id. at ¶ 36.

Plaintiff also alleges that, following Plaintiff's second surgery, Defendant Augra failed to order physical therapy for Plaintiff, who still suffers from pain, restriction and complications. Id. at ¶ 37. It is noted by the Court that Plaintiff's Complaint does not reveal any information about his surgeries.

In a section of the Complaint entitled "Legal Claims," Plaintiff specifies the following bases for his claims, all of which he alleges to be violations of the Eighth Amendment. Plaintiff's claims against Defendant Uncles are based on the use of force resulting in Plaintiff's physical injury and emotional distress. His claims against Defendant Price are based on the failure to acknowledge Defendant Uncles's inappropriate use of force and the failure to allow Plaintiff to seek medical attention for his injury and that these actions also resulted in Plaintiff's physical injury and emotional distress. Plaintiff's claims against Defendants Younkin, Pearson, Augra, Varner and Director of the Bureau of Health Care Services are based on the failure to provide adequate medical care to Plaintiff.

Finally, Plaintiff seeks a declaration that the acts and omissions described in the Complaint were in violation of his constitutional rights, an injunction ordering adequate medical treatment to inmates, compensatory damages and punitive damages.

The Corrections Defendants filed an Answer to the Complaint on December 15, 2014. ECF No. 31. On the same date, the Corrections Defendants also filed the instant Motion for Judgment on the Pleadings and a brief in support thereof. ECF Nos. 32, 33. Plaintiff responded to the Motion for the Judgment on the Pleadings on April 1, 2015. ECF Nos. 36, 37.

### B.    STANDARDS OF REVIEW

#### 1. Judgment on the Pleadings

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) may be granted when "the movant clearly establishes that no material issue of fact remains to be resolved" and that the movant is "entitled to judgment as a matter of law." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)(citation omitted). The court views the facts presented in

the pleadings and any inferences drawn therefrom in the light most favorable to the non-moving party.  Id.

### 2. *Pro Se* Pleadings

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance.").

### C.    DISCUSSION

In order to succeed on a Section 1983 claim, a claimant must show: (1) the conduct complained of was performed by a person acting under color of state law; and (2) this conduct deprived the claimant of rights, privileges, or immunities secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

### 1. Official Capacity Claims

The Corrections Defendants first argue that all of the claims asserted against them in their official capacity should be dismissed where, as employees of the Pennsylvania Department of Corrections, they are immune from suit pursuant to the Eleventh Amendment to the United States Constitution.  In general, this proposition is correct.  The United States Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . .  As such, it is no different from a suit against the State itself."  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted).  This principle is important because the Supreme Court also has held that a state is not a person for purposes of Section 1983, id. at 64, with one notable exception: a state official in his

or her official capacity, would be a person under Section 1983 when sued for injunctive relief. Id. at 71 n.10. Accordingly, it appears that, on the above-described bases, the Corrections Defendants are entitled to judgment as a matter of law for all claims brought against them in their official capacity with the exception of the claim for injunctive relief brought against Defendants Pearson, Younkin and Varner. See ECF No. 1, ¶ 46.[2]

### 2. Lack of Personal Involvement: Younkin, Pearson, Glunt, Varner and Oppman

The Corrections Defendants next argue that Plaintiff has not alleged the required personal involvement of Defendants Younkin, Pearson, Glunt, Varner and Oppman/Director of Bureau of Health Care Services in the alleged unconstitutional conduct.

The relevant law is as follows. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citing Gregg v. Georgia, 428 U.S. 153, 173 (1976)).

Deliberate indifference consistently has been held to a standard above "mere allegations of malpractice." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 934 F.2d 326, 346 (3d Cir. 1987) (citations omitted). However, deliberate indifference does not require a showing of complete failure to provide care, rather "[w]here prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest." Id. (citations omitted). Further, "[p]rison officials may not, with deliberate indifference to the serious medical needs of the inmate, opt for 'an easier and less efficacious treatment . . ..'" Id. at 347 (citations omitted).

---

[2] Plaintiff also requests injunctive relief against "medical staff at SCI Houtzdale." ECF No. 1, ¶ 46. No defendant is identified by that name.

Finally, the United States Court of Appeals for the Third Circuit has explained:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.* Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).

### a. Defendants Oppman and Glunt

As a preliminary matter, Plaintiff's Complaint does not contain any factual allegations of conduct by Defendant Oppman/Director of Bureau of Health Care Services nor does it contain any legal claim against Defendant Glunt. It would thus appear that these two defendants are entitled to judgment as a matter of law.

### b. Defendants Younkin and Varner

The allegations in the Complaint concerning Defendants Younkin and Varner reflect that their involvement with Plaintiff was limited to responding to his written grievances. These allegations are insufficient to show these defendants' personal involvement in the medical treatment about which Plaintiff complains.[3] See Ramos v. Pa Dep't of Corr., 2006 WL 2129148, *3 (M.D. Pa. July 27, 2006) ("the review and denial of the grievances and subsequent administrative appeal conducted does not establish personal involvement . . . in the alleged underlying unconstitutional conduct."); Mearin v. Swartz, 951 F. Supp. 2d 776, 782 (W.D. Pa. 2013) ("the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct."). Thus, it is recommended these defendants be granted judgment as a matter of law.

---

[3] If Plaintiff had set forth a legal claim against Defendant Glunt, it would likely have failed for the same reason.

### c. Defendant Pearson

As to the remaining defendant, Pearson, Plaintiff alleges two instances where he requested relief and Defendant Pearson responded. In the first request, on August 30, 2012, Plaintiff complained of pain and swelling; Defendant Pearson responded the following day, advising Plaintiff that an orthopedic consult had been completed, that sick call was available, that he should keep his splint on and that he should take ordered ibuprofen for pain. In the second request, on September 16, 2012, Plaintiff asked if he was scheduled for surgery and requested adjustment of his splint. The following day, Defendant Pearson responded, informing Plaintiff that he was scheduled to be seen by an orthopedic specialist and that she had asked the P.A.s to check his splint that day. These allegations fall well short of establishing that Defendant Pearson acted with deliberate indifference to Plaintiff's injury. On the contrary, the allegations reflect Defendant Pearson's prompt responses which addressed in full Plaintiff's requests and acknowledged an ongoing plan of treatment for his injury. It is thus recommended that judgment be entered in favor of Defendant Pearson, as well.

### D.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Motion for Judgment on the Pleadings, ECF No. 32, be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right

to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in

accordance with Local Civil Rule 72.D.2.

Respectfully submitted,


<u>/s/ Maureen P. Kelly</u>
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: July 7 , 2015

cc:     The Honorable Kim R. Gibson
        United States District Judge

        All Counsel of Record Via CM-ECF

        Malcolm Gantz
        HB-8839
        SCI Fayette
        Box 9999
        LaBelle, PA 15450-0999