IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MALCOLM GANTZ,            )
        Plaintiff,       )   Civil Action No. 14-218J
                          )   Judge Kim R. Gibson/
  vs.                     )   Chief Magistrate Judge Maureen P. Kelly
                          )
AUGRA,                    )   Re: ECF No. 44
        Defendant.       )

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

Plaintiff Malcolm Gantz ("Plaintiff"), a Pennsylvania state prisoner proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is a "Motion to Dismiss or in the Alternative Motion for Summary Judgment of Defendant, Dr. Conrado Agra."[1] ECF No. 44. For the following reasons, it is respectfully recommended that the Motion to Dismiss be granted.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a Complaint in this action on August 28, 2014. ECF No. 1. In his Complaint, he makes the following relevant allegations. On August 26, 2012, while traveling on a walkway at SCI-Houtzdale, other inmates began fighting immediately in front of Plaintiff, preventing him from moving forward. Id. ¶ 13. As Plaintiff attempted to avoid the skirmish, he was thrown to the ground by a corrections officer. Id. ¶ 16. Plaintiff's right hand, right arm and head hit the ground. Id. Plaintiff was subsequently handcuffed behind his back, pulled to his

---

[1] Defendant's name is spelled "Agra;" however, he is identified as "Augra" in the caption of the case and in the Complaint.

feet and escorted to the Restricted Housing Unit. Id. ¶ 17. A nurse photographed Plaintiff's hand, but he did not receive medical attention until August 28, 2012, when x-rays were taken which revealed that his hand was broken and that he required surgery. Id. ¶¶ 21, 23-24.

On September 7, 2012, having not seen a specialist or a surgeon, Plaintiff filed a grievance complaining that he was suffering significant hardship due to his hand injuries and requesting damages. Id. ¶¶ 27-28. Plaintiff's grievance and damage request was denied. Id. ¶ 29.

Following Plaintiff's second surgery, Defendant Augra failed to order physical therapy for Plaintiff, who still suffers from pain, restriction and complications. Id. ¶ 37. It is noted by the Court that Plaintiff's Complaint does not reveal any information about his surgeries.

Defendant Augra filed the instant Motion to Dismiss and brief in support thereof on June 15, 2015. ECF Nos. 44 and 45. Plaintiff responded to the Motion to Dismiss on August 27, 2015. ECF No. 55.

### B. STANDARD OF REVIEW

#### 1. Motion to Dismiss

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)).

The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). Thus, without converting a motion to dismiss into a motion for summary judgment, a court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

The Court will treat the instant Motion as a Motion to Dismiss.

### 2. *Pro se* pleadings

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance.").

### C. DISCUSSION

In order to succeed on a Section 1983 claim, a claimant must show: (1) the conduct complained of was performed by a person acting under color of state law; and (2) this conduct deprived the claimant of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

Defendant argues that Plaintiff's claim against him should be dismissed because Plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act requires a prisoner filing a Section 1983 action to exhaust all administrative remedies before filing a claim in federal court. 42 U.S.C. § 1997e(a).

In order to properly exhaust his or her administrative remedies, a plaintiff must be in "compliance with an agency's deadlines and other critical procedural rules . . . ." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). Of particular relevance to this case, an inmate is required to legibly set forth all facts and identify all persons relevant to his claim in a grievance. Spruill v. Gillis, 372 F.3d 218, 233-34 (3d Cir. 2004). Failure to specifically name an individual in the grievance will result in the procedural default of claims against that individual. Id. at 234.

Defendant Augra asserts that Plaintiff never filed a grievance naming him or pertaining to Defendant Augra's care or treatment of Plaintiff. ECF No. 45 at 4-8. In response, Plaintiff cites to a September 7, 2012, grievance "regarding delay in surgery by Houtzdale medical staff in which he had not known any of the names of staff." ECF No. 55 at 4. He explains, "[t]he initiation of this grievance was in the mistreatment of medical Staff which included the Doctor of the facility and one of them being Dr. Agra." Id.

However, as set forth in his Complaint, Plaintiff's claim against Defendant Augra is not based on a delay of surgery. The sole factual allegation in the Complaint concerning Defendant Augra describes Defendant Augra's failure to order and provide physical therapy for Plaintiff following Plaintiff's second surgery. ECF No. 1 ¶ 37. Defendant Augra and this alleged failure were not identified in Plaintiff's September 7, 2012, grievance. Accordingly, Plaintiff is precluded from bringing his claim against Defendant Augra.

Unless Plaintiff can establish that he filed a grievance specific to Defendant Augra and this claim, it would be futile for him to amend the Complaint. It is therefore recommended that Defendant Augra's Motion to Dismiss be granted.

D.  **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendant Augra's Motion to Dismiss, ECF No. 44, be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                              Respectfully submitted,

                                              /s/ Maureen P. Kelly
                                              MAUREEN P. KELLY
                                              CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: December 7, 2015

cc:      The Honorable Kim R. Gibson
         United States District Judge

         All Counsel of Record Via CM-ECF

         Malcolm Gantz
         HB-8839
         SCI Fayette
         Box 9999
         LaBelle, PA 15450-0999